## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **PATRICK STEPHEN WALSH,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Criminal Case No.: RWT-05-001 |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |
| | * | |

## MEMORANDUM OPINION

Petitioner Patrick Stephen Walsh ("Walsh") has filed a number of motions in this Court, including a motion under Federal Rule of Civil Procedure 60(b), a Motion to Return Property, a Motion to Subpoena Telephone Records, and a Motion to Amend Restitution Order. For the reasons stated below, his Rule 60(b) motion will be dismissed for lack of jurisdiction, the parties will be directed to submit additional filings with respect to his Motion to Return Property, his Motion to Subpoena Telephone Records will be denied as moot, and his Motion to Amend Restitution Order will be denied.

## BACKGROUND

In 2005, a jury convicted Patrick Stephen Walsh of conspiracy to commit arson under 18 U.S.C. § 844(n) and thirty-five counts of arson under 18 U.S.C. § 844(i). *United States v. Walsh*, 228 F. App'x 295, 295-96 (4th Cir. 2007), *cert denied* 552 U.S. 963 (2007); ECF No. 197. Walsh was found guilty of "intentionally set[ting] fires at a partially-complete housing development in Charles County, Maryland, called Hunter's Brooke." *Walsh*, 228 F. App'x at 296. Following his convictions, "[h]e was sentenced to 253 months of

imprisonment, over three million dollars in restitution, and a special assessment of $3600." *Id.*; ECF No. 197.

Walsh appealed his convictions to the Court of Appeals for the Fourth Circuit, which affirmed them in an opinion dated May 31, 2007. *Walsh*, 228 F. App'x at 295-96. He subsequently sought review by the Supreme Court, which denied his petition for writ of certiorari on October 9, 2007. *Walsh v. United States*, 552 U.S. 963 (2007).

On October 3, 2008, Walsh filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Walsh v. United States*, Civ. No. RWT 08-2637, 2009 WL 3711559, at *1 (D. Md. Nov. 3, 2009); ECF No. 349. He alleged "ineffective assistance of counsel based on numerous errors made by counsel before, during, and after trial." *Id.* He later amended his original petition and filed a "motion to supplement his amended petition," which was granted. *Id.* On November 3, 2009, this Court entered an opinion and order denying the § 2255 petition. *Id.* at *7; ECF Nos. 363, 364.[1] Walsh appealed this decision to the Fourth Circuit, which "den[ied] a certificate of appealability and dismiss[ed] the appeal" on May 11, 2010. *United States v. Walsh*, 377 F. App'x 331, 331-32 (4th Cir. 2010); ECF No. 373. He again sought review by the Supreme Court, which denied his petition for writ of certiorari on June 28, 2010. *Walsh v. United States*, 130 S. Ct. 3534 (2010).

On October 28, 2010, Walsh submitted a motion pursuant to Federal Rule of Civil Procedure 60(b), attacking his convictions on the grounds that (1) "the Court lacked jurisdiction to prosecute him under Title 18 U.S.C. § 844(i)" and (2) "the Court grossly erred with its loss calculation." ECF No. 376. In connection with this motion, he also tendered an In Forma Pauperis Declaration. ECF No. 377.

---

[1] This Court entered an order on January 11, 2010 denying Walsh's Application for a Certificate of Appealability. ECF No. 370.

Walsh has since filed a number of other motions, including a Motion to Return Property under Federal Rule of Criminal Procedure 41(g). ECF No. 384. The Government responded to this motion on January 5, 2011, ECF No. 391, and Walsh replied on February 18, 2011, ECF No. 393. On June 20, 2011, Walsh submitted a Motion to Subpoena Telephone Records, seeking the records for two phone calls – one on July 24, 2010 between Walsh and Codefendant Jeremy Parady's sister, and one on April 23, 2011 between Walsh and Jeremy Parady. ECF No. 397. He filed a Motion to Amend Restitution Order on November 10, 2011, arguing that the restitution levied against him should be lowered to $21,163 because of insurance payments that were made to the Lennar Corporation ("Lennar"). ECF No. 398. On January 23, 2012, he filed a Motion for Default Judgment, ECF No. 403, on February 27, 2012, he filed a Motion to Ascertain Status, ECF No. 411, and on May 25, 2012, he filed a Motion for Summary Judgment of Default, ECF No. 413.

The Government responded to Walsh's motion for relief under Rule 60(b), his Motion to Amend Restitution Order, and his Motion to Subpoena Telephone Records on August 16, 2013. ECF No. 421. Walsh replied with an "Informal response pleading" on September 3, 2013. ECF No. 422. The Government filed a Supplemental Response to Walsh's Motion to Subpoena Telephone Records on October 9, 2013. ECF No. 423. Walsh did not respond.

**ANALYSIS**

**I.    Motion for Relief Under Federal Rule of Civil Procedure 60(b)**

Walsh's Rule 60(b) motion must be dismissed because it is a "successive claim for post-conviction relief" that attacks his underlying conviction, and this Court lacks jurisdiction to consider it. *United States v. Dukes*, Civil No. RWT-09-135, 2013 WL 398930, at *1 (D. Md. Jan. 31, 2013). Federal Rule of Civil Procedure 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The limitations of 28 U.S.C. § 2255 affect how Walsh's Rule 60(b) motion is treated, however. This statute provides that:

> **(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> > **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As the Fourth Circuit has explained, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). The record reflects that Walsh has not obtained authorization from the Fourth Circuit to file a successive application for relief under § 2255.

U.S. District Courts "*must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Id.* at 206 (internal citations omitted). The key inquiry for this Court is

whether Walsh's 60(b) motion is a "successive [application] in 60(b)'s clothing." *Id.* at 207 (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002)). In particular, this Court must examine whether Walsh's motion "directly attack[s] [his] conviction or sentence" or whether it "seek[s] a remedy for some defect in the collateral review process." *Id.*

Walsh raises two arguments in his Rule 60(b) motion, both of which attack the underlying criminal judgment in his case. First, Walsh challenges the jurisdiction of this Court to have heard his case under 18 U.S.C. 844(i), arguing that under *Jones v. United States*, 529 U.S. 848 (2000), the structures that he was convicted of burning did not satisfy the "interstate commerce nexus" of the statute. ECF No. 376 at 10-12. Second, he asserts that because insurance payments were made to the builder of the structures burned, the Lennar Corporation, and because the insurer(s) were not named victims in the Court's restitution order, his restitution obligations are significantly less than the $3,274,538.42 ordered by the Court, and thus his offense level should be lowered. ECF No. 376 at 13-17. Neither of these grounds seek a remedy for some defect in Walsh's previous § 2255 collateral attack on his convictions, but rather are attacks on his original conviction and sentence. As a result, Walsh's motion is "tantamount to [a] successive application[]," and it will be dismissed for lack of jurisdiction, as the Fourth Circuit has not authorized Walsh to file a successive application in this case. *Winestock*, 340 F.3d at 207. Accordingly, Walsh's Motion for Default Judgment, ECF No. 403, and his Motion for Summary Judgment of Default, ECF No. 413, will be denied, as they both seek a judgment in favor of his Rule 60(b) motion.

No Certificate of Appealability shall issue here because Walsh has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not "demonstrate[ed] that reasonable jurists would find that any assessment of the constitutional

claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

## II. Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g)

Walsh seeks an order from this Court directing the Government to return items that were seized in advance of his trial. For the reasons stated below, the Government will be directed to file additional materials relating to the seized property before the Court will rule on this motion. On November 11, 2010, Walsh submitted a twelve-page exhibit identifying the property he argues the Government must return pursuant to Federal Rule of Criminal Procedure 41(g). ECF Nos. 384, 384-1. The Government filed a seven-page response, describing four categories of items seized from the Defendant: (1) "property that already has been returned to the defendant," (2) "additional property seized during the investigation [that] can be returned to the defendant," (3) "property [that] should be considered contraband and not returned to the defendant," and (4) property that "still retains potential evidentiary value because the defendant continues to pursue appeals of his conviction and sentencing," and that should not be returned until "the defendant has completed his appeals process and the criminal case has completely concluded." ECF No. 391 at 3-5.

To this response, Walsh filed a reply addressing the items classified by the Government as "contraband" under category (3) and challenging some of their classifications. ECF No. 393. He also states that the Government failed to address a cell phone that was seized, and he asks the Government, with respect to the items in category (4) that still retain evidentiary value, "[w]hen does the government consider all appeals are final?" and "when does this Court start the tolling period for the six-year statute of limitations that requires the government to retain such property,

considering the Defendant has the responsibility of requesting the return of such property?" ECF No. 393. The Government did not respond to this filing.

Federal Rule of Criminal Procedure 41(g) states:

> **(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The Government acknowledges that "[o]rdinarily, property seized for purposes of a trial that is neither contraband nor subject to a forfeiture statute is to be returned to the defendant at the end of the trial." ECF No. 391 at 2 (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991)); *see also United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)("It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture."). The Government then asserts, however, that "to prevail on this kind of motion the defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property evidence has ended." ECF No. 391 at 2 (citing *United States v. Van Cauwenberghe*, 827 F.2d 424 (9th Cir. 1987)).

In citing *United States v. Van Cauwenberghe*, 827 F.2d 424 (9th Cir. 1987) in its response, the Government appears to argue that the burden is on the Defendant to establish the three elements listed above. However, a later decision in the same case, also cited by the Government, states that "when the property in question is no longer needed for evidentiary

purposes, . . . the burden of proof changes. The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Van Cauwenberghe*, 934 F.2d at 1061 (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)). Similarly, the Fourth Circuit has held that the Government must "establish that it was . . . justified in retaining [the defendant's] property" when the property is being held "for investigative purposes" after the defendant's convictions have already been affirmed. *United States v. Mora*, 353 F. App'x 792, 793-94 (4th Cir. 2009) (citing *Chambers*, 192 F.3d at 377).

A Rule 41(g) motion may be "properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Chambers*, 192 F.3d at 377 (internal citations omitted). However, because the criminal appeals in this case have been exhausted, this Court concludes that the Government must demonstrate with more particularity its need to retain the property in category (4) as evidence. In addition, the Government must respond to Walsh's challenges to the items listed in category (3) as contraband, and it must provide an update to the Court regarding the property in category (2) and whether it has been returned to Walsh. The Government must also answer Walsh's charge that the Government possesses a cell phone that has not been returned. Walsh will be permitted an opportunity to respond to the Government's supplemental filings. Until the Court receives additional information, it will hold the motion in abeyance.

III.    **Motion to Subpoena Telephone Records**

Walsh's Motion to Subpoena Telephone Records for two phone calls made in 2010 and 2011 will be denied as moot because the Government has already provided him with a recording

for one phone call, and the audio record of the other call does not exist. Walsh seeks records for two telephone conversations made while he was in prison—one between Walsh and Codefendant Jeremy Parady's sister on July 24, 2010, and one between Walsh and Jeremy Parady on April 23, 2011. ECF No. 397. He states that he "made a Freedom of Information [Act] request in an attempt to obtain a copy of the" July 24, 2010 call, but he does not indicate that he made a similar request concerning the April 23, 2011 call. ECF No. 397 at 2-3.

The Government's October 9, 2013 response to Walsh's motion explains that it obtained a recording of the July 24, 2010 phone conversation, and that "[a]lthough the government does not believe there is any admissible exculpatory material in the recording – because the arguably exculpatory information is Jamie Parady's opinion of her brother's honesty and not based on her personal knowledge of the facts – it has no objection to providing this recording to Walsh and is attaching a CD containing the call to this response to be mailed to him today." ECF No. 423 at 1-2. The Government was unable to obtain a recording of the April 23, 2011 telephone call because "Walsh did not make a request to [the Bureau of Prisons] for preservation of that recording," and "it was apparently purged by the system 180 days afterwards, on or about October 23, 2011." ECF No. 423 at 2 (citing an attached email record from an official at the Federal Bureau of Prisons). Accordingly, Walsh's Motion to Subpoena Telephone Records is now moot, and will be denied as such.

IV.    **Motion to Amend Restitution Order**

Walsh's Motion to Amend Restitution Order will be denied, as the authority he invokes in his motion does not affect the amount of money he owes in restitution. Upon receipt of additional materials, however, this Court would be amenable to considering amending the recipients of Walsh's restitution.

In December 2005, this Court sentenced Walsh to pay $3,274,538.42 in restitution through monthly payments of at least $200, to begin during his period of supervised release. ECF No. 197. The payments are to be made to the Office of the Clerk of this Court, "for distribution, pro rata to victims listed in Section IX." ECF No. 197 at 5. Section IX of the Statement of Reasons lists the victims and the amounts to be paid as follows:

The Lennar Corporation: $3,253,375.42
Ms. Terri Rookard: $600.00
Mr. Michael & Carolyn Clark: $5,455.00
Ms. Beverly Rowe: $9,308.00
Mr. Jagath C. Kankanamage: $5,800.00

Statement of Reasons at 4. The victims other than the Lennar Corporation are owed an aggregate of $21,163.00.

Walsh seeks to lower his restitution obligation from $3,274,538.42 to $21,163 because insurance payments were allegedly made to the Lennar Corporation by Axis Specialty Europe Limited ("Axis") and Certain Underwriters at Lloyd's ("Lloyd's") in the amount of $3,253,375.42. ECF No. 398 at 1-3.[2] Walsh attaches a copy of the civil complaint in *Axis Specialty Europe Limited, et al. v. Security Services of America, LLC*, 5-cv-2003-AW (D. Md.) for support. ECF No. 398-3. In that complaint, plaintiffs Axis and Lloyd's averred that they had "made payments to and/or on behalf of their insureds [subsidiaries of Lennar] in an amount in excess of $3 million" for damages incurred from the fires set on or about December 6, 2004 at the Hunter's Brooke housing development. *Axis*, 5-cv-2003-AW, ECF No. 1. In turn, the plaintiffs sought damages for negligence, breach of contract, and breach of implied warranty of workmanlike service from Security Services of America, LLC ("SSA"), "a security services

---

[2] Walsh's most recent filing makes clear that he does not seek to amend the restitution recipients but only to lower his restitution obligation. ECF No. 422 at 2 ("Petitioner did not move the court . . . to substitute restitution designees. He moved for a reduction in the amount [of restitution owed].").

company" that was hired to "provide security personnel to guard and protect the [p]roperty" that

was burned. *Axis*, 5-cv-2003-AW, ECF No. 1.

In support of his motion to reduce his restitution obligation, Walsh cites 18 U.S.C. §

3664(j), which states:

> **(j)(1)** If a victim has received compensation from insurance or any other source
> with respect to a loss, the court shall order that restitution be paid to the person
> who provided or is obligated to provide the compensation, but the restitution
> order shall provide that all restitution of victims required by the order be paid to
> the victims before any restitution is paid to such a provider of compensation.
>
> **(2)** Any amount paid to a victim under an order of restitution shall be reduced by
> any amount later recovered as compensatory damages for the same loss by the
> victim in—
>
>> **(A)** any Federal civil proceeding; and
>> **(B)** any State civil proceeding, to the extent provided by the law of the
>> State.

18 U.S.C. § 3664(j). Thus, § 3664(j)(1) provides that "an insurer or other person who

compensates the victim for any loss covered by a restitution order may, to the extent of the

payment, be subrogated to the victim's right against the restitution debtor." *United States v.

DiBruno*, 438 F. App'x 198, 202 (4th Cir. 2011). Under § 3664(j)(2), "any restitution amount

paid to a victim under a restitution order must be reduced by the victim's recovery for the same

loss in civil proceedings." *Id.* at 203. "By its plain language this section applies to compensatory

damages recovered by a victim in a civil proceeding after a court enters a restitution order."

*United States v. Ruff*, 420 F.3d 772, 775 (8th Cir. 2005).

As the Ninth Circuit has explained, "these provisions ensure that victims do not through

restitution receive an amount exceeding their losses." *United States v. Rizk*, 660 F.3d 1125, 1137

(9th Cir. 2011). The provisions do not, however, permit Walsh to pay any less in restitution.

Section 3664(j) may allow this Court to amend the amount owed to Lennar and order Walsh to

make restitution payments to insurance companies or other parties that have compensated Lennar for the losses incurred by Walsh's actions, but it does not reduce Walsh's total restitution obligation. Accordingly, Walsh's motion will be denied.

The recipients of Walsh's restitution may be amended should this Court receive more specific evidence as to the amounts to be distributed to Lennar, Axis, Lloyd's, SSA, and ACE USA. The Government consents to amending the recipients of Walsh's restitution payments, and it states that it "is aware that Lennar's insurers, Axis Specialty Europe Limited and Certain Underwriters at Lloyds, sued Security Services of America (SSA) in this Court (AW 05-cv-02003) to recoup the monies they paid to Lennar on its insurance policies covering the Hunter's Brook subdivision homes." ECF No. 421 at 6. The Government further asserts that "[t]hat suit was dismissed on May 12, 2006, when the parties settled the claim," and that counsel for the Government "has contacted attorneys for both parties to that lawsuit . . . in an attempt to determine how the loss was ultimately allocated between the parties after the settlement." ECF No. 421 at 6. Counsel for the Government received a "copy of the settlement agreement," which the Government submitted to this Court. ECF Nos. 421 at 6, 421-1. The Government avers that although the version submitted "is unexecuted, both attorneys confirmed that this was the agreement that their clients entered into." ECF No. 421 at 6. The agreement shows that Axis and Lloyd's were to be paid $2.2 million in exchange for releasing "Security Systems of America, LLC and SSA Security, Inc., ABM Industries, Inc." from any claims regarding the "the fires which occurred on or about December 6, 2004 at the Hunters' Brooke development in Waldorf, Maryland." ECF No. 421-1 at 1. However, the Government notes that counsel for "SSA/ABM" "confirmed that ABM Industries, Inc., was largely reinsured by . . . ACE USA, a reinsurer who bore the majority of SSA/ABM's loss." ECF No. 421 at 7.

At this stage, there is insufficient evidence for the Court to amend the recipients of Walsh's restitution. The civil complaint in *Axis Specialty Europe Limited, et al. v. Security Services of America, LLC*, 5-cv-2003-AW (D. Md.) does not state the exact amounts that Axis and Lloyd's paid to Lennar in insurance payments, and thus it is unclear if any restitution should still be made to Lennar.[3] The Court also lacks information about how much money would be owed to Axis and Lloyd's separately. In addition, the Government's statement that ACE USA "bore the majority of SSA/ABM's loss" is too imprecise to assign the entire $2.2 million to ACE USA. Finally, the Government's use of the terms "SSA" and "SSA/ABM" somewhat interchangeably make it unclear if these are separate parties, and if so, how much would be owed to each.[4] Walsh's motion will be denied without prejudice for him to file a new motion requesting that the recipients of his restitution payments be amended.

## V. Other Motions

Walsh has a number of other motions before the Court. On October 28, 2010, Walsh filed an "In Forma Pauperis Declaration," which was docketed as a Motion to Proceed in Forma Pauperis, ECF No. 377, and on November 10, 2011, he filed another "In Forma Pauperis Declaration" attached to his Motion to Amend Restitution Order, ECF No. 398-1. Walsh failed to submit supporting documentation detailing his financial circumstances, and these requests will be denied without prejudice.

On February 18, 2011, Walsh filed a letter that was docketed as a Motion for Extension of Time to file a reply to the Government's response to his Motion to Return Property under Federal Rule of Criminal Procedure 41(g). ECF No. 392. This motion will be granted, and

---

[3] The Government states that Axis and Lloyd's, after their settlement with SSA, "still bore a loss of $1,053,375.42, according to their pleadings and their attorney," which would imply that Lennar was made whole by the insurance payments. ECF No. 421 at 7.

[4] The complaint in *Axis*, 5-cv-2003-AW (D. Md.) lists Security Services of America, LLC as the only Defendant.

Walsh's reply will be deemed timely filed. Walsh also asks in this filing "that if [his] presence is needed . . . for the settlement of the . . . Rule 41(g) or . . . Rule 60(b) Motions" that he be permitted to participate through "video linkup with the FCI Fort Dix Facility." ECF No. 392. Since Walsh's presence is not needed at this time, it is unnecessary to address this request.

On February 27, 2012, Walsh filed a Motion to Ascertain Status that inquired about the motions addressed by this opinion. ECF No. 411. This motion will be denied as moot.

## CONCLUSION

For the foregoing reasons, Walsh's Petition for Relief from Judgment Under Rule 60(b) [ECF No. 376] is dismissed, his Motion to Proceed In Forma Pauperis [ECF No. 377] is denied without prejudice, his Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g) [ECF No. 384] will be decided following the filing of additional materials, his Motion for Extension of Time [ECF No. 392] is granted, his Motion to Subpoena Telephone Records [ECF No. 397] is denied as moot, his Motion to Amend Restitution Order [ECF No. 398] is denied, his Motion for Default Judgment [ECF No. 403] is denied, his Motion to Ascertain Status Regarding Pending Motions [ECF No. 411] is denied as moot, and his Motion for Summary Judgment [ECF No. 413] is denied. A separate order follows.


<u>Date</u>:  February 12, 2014                       _____/s/_____
                                                          ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE